# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 4988 | DATE | 11/3/2000 |
| CASE TITLE | Pasiewicz vs. Lake County Forest Preserve | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendant's motion for summary judgment (33-1) is granted. As Pasiewicz's federal claims have been dismissed, the Court no longer has subject matter jurisdiction over his claim against Peterson and Phillips, see 28 USC 1367(c)(3), so that claim is dismissed as well. Judgment is entered in favor of defendants Lake County Forest Preserve District, Ray Henning, and Knute Sandahl on Counts 1,2, and 3 of the complaint, and dismissing Count 4 for lack of subject matter jurisdiction. The trial date of 1/8/01 is vacated, and all remaining motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 07 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | C6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 00 NOV -6 PM 5: 11 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EDWARD J. PASIEWICZ, )
)
Plaintiff, )
)
vs. )
) Case No. 99 C 4988
LAKE COUNTY FOREST PRESERVE )
DISTRICT; RAY HENNING; KNUTE )
SANDAHL; DEBRA PHILLIPS; and )
MICHELLE PETERSON, )
)
Defendants. )

**DOCKETED**

NOV 0 7 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On September 3, 1998, plaintiff Edward Pasiewicz was arrested by Lake County Forest Preserve Officers Ray Henning and Knute Sandahl for a crime that it seems clear he did not commit. Though the charge was for a misdemeanor, it was a serious and stigmatizing offense: public indecency. After Pasiewicz was acquitted in state court, he filed this lawsuit under 42 U.S.C. §1983 against Henning and Sandahl, the Forest Preserve District, claiming that the arrest violated his constitutional rights. Pasiewicz also sued Debra Phillips and Michelle Peterson, the two persons on whose complaint Pasiewicz was arrested, for defamation. The Court previously denied defendants' motion to dismiss Pasiewicz's complaint. *Pasiewicz v. Lake County Forest Preserve District*, 81 F. Supp. 2d 890 (N.D. Ill. 1999).

Now that discovery has been completed, Henning, Sandahl, and the District have moved for summary judgment. The officers contend that the evidence demonstrates that they had

probable cause to arrest Pasiewicz, or at least that they are entitled to qualified immunity; the District argues that there is no evidence showing that the officers acted pursuant to a policy or custom of the District.

## Facts

On the morning of Sunday, August 30, 1998, Phillips and Peterson were riding horses in the Van Patten Woods in Lake County. At approximately 11:40 p.m., they observed a naked man standing on the trail. They both rode within ten feet of the man, who Peterson says was watching children playing in a picnic area, and both were able to see his face. About 30 minutes later, the two women reported what they had observed to Lake County Forest Preserve District Officer Mike Shannon. Peterson said that the man was six feet to six feet two inches tall, weighed about 240 to 250 pounds, was balding on top, and in his 50's; Phillips described the man as about six feet tall, bald on top, and heavy set, weighing about 240 to 250 pounds. Shannon made a report of the incident, and the information that the women had given him was relayed to other officers within the District.

On August 31, when Peterson was dropping off her children at school, she saw a man sitting in a car about fifteen feet away from her whom she believed was the man she had seen in the woods. On September 1, Peterson saw the man again; he was dropping off children at the same school. She learned from another school parent that the man was Edward Pasiewicz, a parent of children at the school. She got his name and telephone number from a phone directory and turned over the information to the District police.

Defendant Henning, a sergeant with the District police, was asked by another sergeant to attempt to contact Pasiewicz and interview him. Eventually Henning arranged to meet Pasiewicz

2

at his place of employment, Waukegan High School, where Pasiewicz worked as a maintenance worker. Around 7:00 p.m. on September 3, Henning and defendant Sandahl, a lieutenant, met with Pasiewicz at the high school (which was outside the area of the officers' jurisdiction). Pasiewicz was 46 years old at the time of the arrest, five feet ten and one-half inches tall, balding on top, and weighed 228 pounds. According to Pasiewicz, the officers took him to a private office within the school building and immediately placed him under arrest. They told him that he was being arrested for public indecency but did not say when or where this was supposed to have taken place. Pasiewicz denied the charge and at some point was read his rights and requested counsel, at which point questioning ceased.

Prior to arresting Pasiewicz, the officers made no effort to ask him about his whereabouts on August 30. According to the officers, they did not conduct an interview because Roy Johnson, the superintendent of police, had told them that because Pasiewicz had been positively identified by eyewitnesses, there was probable cause and they should just arrest him. Henning testified that he found it unusual that they were arresting Pasiewicz without first interviewing him.

Pasiewicz was charged with two counts of public indecency under 720 ILCS 5/11-9. He was released on a $100 bond after he had been in custody for about two hours. On November 16, 1998, a trial was held, and a Lake County judge acquitted Pasiewicz at the close of the prosecution's case.

The evidence presented to this Court shows that Pasiewicz could not possibly have committed the crime with which he was charged. Phillips and Peterson reported to the police at 12:15 p.m. that they had seen the man in the Van Patten Woods at 11:40 a.m. on August 30.

3

That morning, Pasiewicz's wife went to church with their older children around 11:00 a.m.; he stayed home with their three year old son, who was sometimes disruptive in church. Right around 11:00, a neighbor dropped off her son as Pasiewicz's home to play with Pasiewicz's son. At 11:15 a.m., Pasiewicz telephoned a friend; telephone records confirm that the call lasted until 11:45 a.m. Just before 11:45, the father of the child who was playing at the Pasiewicz's home stopped to check on the child and stayed until just after 12:00 p.m. Pasiewicz's wife and older children returned from church just as he was leaving. Pasiewicz remained at home with his family for the remainder of the day. Unless Pasiewicz had the ability to be two places at once, the evidence shows that he was innocent of the crime.

## Discussion

Henning and Sandahl argue that they had probable cause to arrest Pasiewicz or that, at a minimum, they are entitled to qualified immunity for their actions. As we stated in our December 22 decision denying defendants' motion to dismiss,

> These inquiries are closely related. Probable cause to arrest exists if "'at the moment the arrest was made ... the fact and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing'" that the arrestee had violated the law. *Hunter [v. Bryant,* 502 U.S. 224, 228, (1991)] (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). Even if probable cause did not exist, the arresting officer is immune from suit if a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed. *Id.* at 227. In other words, a law enforcement official who "'reasonably but mistakenly conclude[s] that probable cause is present'" is entitled to immunity. *Id.* (quoting *Anderson v. Creighton,* 483 U.S. 635, 641 (1987)).

*Pasiewicz,* 81 F. Supp. 2d at 892.

There is no "blanket rule that the policy always may arrest on the basis of a single coherent eyewitness." *Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1247 (7th Cir. 1994). An officer

4

is protected from liability, however, if he relies on reasonable, trustworthy information from an eyewitness or crime victim. As we stated in our earlier decision,

> Probable cause exists when an officer has "'received his information from some person – normally the putative victim or an eye witness – who it seems reasonable to believe is telling the truth.'" *Sheik-Abdi*, 37 F.3d at 1247 (citing cases, and quoting *Grimm v. Churchill*, 932 F.3d 674, 675 (7th Cir. 1991)). Similarly, the issue in determining whether qualified immunity exists in this context is "whether 'it seems reasonable [for] the police to believe that [the putative victim or] eyewitness was telling the truth.'" *Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998) (quoting *United States v. Decoteau*, 932 F.3d 1205, 1207 (7th Cir. 1991)). If "'a *reasonably credible* witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent.'" *Spiegel v. Cortese*, [196 F.3d 717, 723 (7th Cir. 1999)] (emphasis added) (quoting *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998)). But if "'information from or about a [putative] victim of crime would lead a reasonable officer to be suspicious,' the officer should conduct further investigation" before making an arrest. *Id.* at [724] (quoting *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994)).

*Pasiewicz*, 81 F. Supp. 2d at 892-93.

Applying these principles, it is clear that although Sandahl and Henning arrested the wrong man, they are entitled to summary judgment. The evidence adduced in discovery establishes that Peterson and Phillips made a prompt report of what they claimed to have seen in the Van Patten Woods; their opportunity to observe the man was brief but adequate; and their descriptions were consistent with each other's. Peterson expressed certainty to the police that the man she saw on the street was the man she had seen in the woods. Pasiewicz has offered no evidence that either Peterson or Phillips knew him, had a grudge against him, or had any reason to make up a story about him, nor has he offered any evidence that either woman would have been viewed by a reasonable police officer as lacking in credibility. And though there are some differences between the descriptions the two women gave and the description we have of

5

Pasiewicz, the differences are slight. All these circumstances taken together gave the officers a sufficient basis to conclude that there was probable cause to arrest Pasiewicz, if not for public indecency then for disorderly conduct (on the latter point see *Pasiewicz*, 81 F. Supp. 2d at 893). And even if there was not probable cause, the evidence is more than adequate to entitle the officers to the benefit of qualified immunity under *Hunter v. Bryant*. *See generally Tangwall v. Stuckey*, 135 F.3d at 518 (victim's clear and positive identification of plaintiff as her assailant would have led reasonable police officer to believe that he had probable cause to arrest plaintiff without further investigation).

Because probable cause is lacking, the District is likewise entitled to summary judgment, as no violation of Pasiewicz's constitutional rights took place. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

Our conclusion that Henning, Sandahl and the District are entitled to summary judgment should not be viewed as condoning the manner in which they proceeded here. We fully agree with the Seventh Circuit's comments in *Tangwall* that law enforcement is "a tough assignment, one wherein police officers will inevitably make errors" and that "[i]f immunity is lost in every case of mistaken arrest, then many a perpetrator of violent crime will go unapprehended." *Id.* at 520-21. But being falsely arrested can cause the accused and his or her family untold distress and severe hardship, both directly and as a collateral consequence of being charged with a crime. In this case some fairly routine steps – like advising Pasiewicz of the allegations, questioning him, and investigating his alibi – likely would have resulted in a decision not to arrest him. It is unfortunate that Henning and Sandahl's superiors at the District decided to forego these elemental steps. The fact that Pasiewicz, by all appearances a law-abiding citizen in every

respect, was unfairly and improperly caught up by the long arm of the law is truly regrettable. That said, these unfortunate events do not entitle him to maintain a lawsuit against the officers or the District.

## Conclusion

Defendants' motion for summary judgment [#33-1] is granted. As Pasiewicz's federal claims have been dismissed, the Court no longer has subject matter jurisdiction over his claim against Peterson and Phillips, *see* 28 U.S.C. §1367(c)(3), so that claim is dismissed as well. The Clerk is directed to enter judgment in favor of defendants Lake County Forest Preserve District, Ray Henning, and Knute Sandahl on Counts 1, 2, and 3 of the complaint, and dismissing Count 4 for lack of subject matter jurisdiction. The trial date of January 8, 2001 is vacated, and all remaining motions are terminated as moot.

MATTHEW F. KENNELLY
United States District Judge

Date: November 3, 2000